IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

GWENDOLYN BURTON
Plaintiff,

v.

COLUMBIA STATE COMMUNITY COLLEGE,
RUTH HOLT, DEBORAH "DEBBIE" LONG,
KATHERINE WILLINGHAM, JANET SMITH,
TENNESSEE BOARD OF REGENTS;
D'LANTIS OFFICE;
JACQUELYN HARDRICK;
LILY K. MELTON;
QUEEN BENJAMIN;
ASHLEY BURLESON;
TENNELY DOWTY;
JACIE KATE SCOTT;
Defendants.

Civil Action No.:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**I. PARTIES**

1. Plaintiff Gwendolyn Burton is a citizen and resident of Columbia, Maury County, Tennessee.

2. Defendant Columbia State Community College ("CSCC") is a Tennessee community college serving Maury County and receiving federal funds.

3. Defendant Ruth Holt is, upon information and belief, a citizen of Maury County, Tennessee, serving as Vice President of Student Affairs.

4. Defendant Deborah "Debbie" Long is, upon information and belief, a citizen

of Maury County, Tennessee, serving as Director of Human Resources.

5. Defendant Katherine Willingham is, upon information and belief, a citizen of Maury County, Tennessee, serving as Director of Athletics.

6. Defendant Janet Smith is, upon information and belief, a citizen of Maury County, Tennessee, serving as President of CSCC.

7. Defendants Holt, Long, Willingham, and Smith acted at all relevant times under color of state law and are sued in both their individual and official capacities.

8. Other named defendants are students of Tennessee State.

9. Defendant Tennessee Board of Regents governs CSCC and employs the individual defendants.

## II. JURISDICTION AND VENUE

10. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 for violations of 42 U.S.C. § 1983, the Fourteenth Amendment, and other federal rights.

11. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367 because they arise from the same operative facts.

12. Venue is proper under 28 U.S.C. § 1391(b) because all defendants reside in this District and the events occurred in Maury County, Tennessee.

13. The amount in controversy exceeds $75,000, exclusive of costs and interest.

## III. FACTUAL ALLEGATIONS

14. Plaintiff was employed as Head Women's Basketball Coach at CSCC, serving her fifth year under a valid employment contract.

15. Plaintiff was hired following proper interviews and qualifications.

2

16. She performed her duties professionally, organized and participated in fundraisers, maintained a winning record, and mentored student-athletes.

17. During a basketball game, Plaintiff rotated players based on performance, including a Caucasian female student-athlete who became disgruntled when benched.

18. Plaintiff conducted a post-game locker room meeting to provide constructive feedback.

19. The student secretly recorded the locker room conversation without consent and submitted an altered version to Defendants.

20. Defendants summarily terminated Plaintiff, calling her to Human Resources without prior notice, explanation, or opportunity to be heard, violating her due process rights.

21. Plaintiff was escorted from the premises, losing employment, income, and benefits.

22. Defendants acted under color of state law, willfully and recklessly disregarding Plaintiff's rights.

## IV. CAUSES OF ACTION

**1. Violation of Civil Rights – 42 U.S.C. § 1983 (Due Process and Equal Protection)**

23. Plaintiff re-alleges all preceding paragraphs.

24. Defendants deprived Plaintiff of procedural and substantive due process by terminating her without notice or hearing.

25. Defendants acted arbitrarily and discriminatorily, relying on unlawful and altered recordings.

26. Plaintiff suffered loss of employment, income, emotional distress, and reputational harm.

3

27. Plaintiff seeks compensatory and punitive damages, attorneys' fees, and all relief under 42 U.S.C. §§ 1983 and 1988.

## 2. Retaliation and Wrongful Termination – Tennessee Law

28. Plaintiff was terminated in retaliation for lawful performance of her duties, violating Tennessee public policy.

29. Defendants' actions constitute tortious interference with contractual and economic relations.

30. Plaintiff suffered lost wages, benefits, emotional distress, and reputational harm.

31. Plaintiff seeks compensatory and punitive damages, pre- and post-judgment interest, attorneys' fees, and other appropriate relief.

## 3. Invasion of Privacy / Illegal Recording – Tennessee Wiretapping Statutes

32. Locker room conversations were private; Plaintiff had a reasonable expectation of privacy.

33. The student's unauthorized recording violated Tennessee Code Annotated § 39-13-601 et seq.

34. Defendants relied on the unlawfully obtained recording to terminate Plaintiff.

35. Plaintiff suffered economic and non-economic damages, including lost wages, emotional distress, and reputational harm.

36. Plaintiff seeks compensatory and punitive damages, injunctive relief, attorneys' fees, costs, and other appropriate relief.

## 4A. Wrongful Seizure of Digital Communication

37. Plaintiff re-alleges all preceding paragraphs.

38. Plaintiff's electronic communications, including emails, text messages, and

4

other digital records, were private and confidential.

39. Defendants unlawfully accessed, seized, or relied upon Plaintiff's digital communications without consent or proper authorization.

40. Such conduct violated federal and Tennessee law, including the Electronic Communications Privacy Act (18 U.S.C. §§ 2510–2522) and applicable state statutes protecting digital privacy.

41. Defendants' actions were intentional, willful, and conducted under color of state law.

42. As a direct and proximate result, Plaintiff suffered economic and non-economic damages, including loss of employment opportunities, emotional distress, and reputational harm.

43. Plaintiff seeks compensatory and punitive damages, injunctive relief to prevent further unlawful access, attorneys' fees, costs, and any other relief deemed just and proper.

## 5. Negligence – Tennessee Common Law

44. Defendants owed Plaintiff a duty to act reasonably in employment decisions, protect her from harm by third parties, and comply with contractual and statutory obligations.

45. Defendants breached their duty by:
    a. Failing to investigate student allegations properly;
    b. Relying on an unauthorized and altered recording;
    c. Terminating Plaintiff without notice or opportunity to respond;
    d. Failing to supervise and train staff properly.

46. Plaintiff suffered loss of income, benefits, emotional distress, and reputational harm.

47. Defendants' actions were willful and reckless, justifying punitive damages.

### 6. Respondeat Superior / Vicarious Liability

48. At all relevant times, Defendants Holt, Long, Willingham, and Smith acted within the scope of employment at CSCC.

49. CSCC is vicariously liable for wrongful acts, omissions, and negligence of its employees.

50. These acts include:
    a. Terminating Plaintiff without notice or opportunity to be heard;
    b. Relying on unauthorized and altered recordings;
    c. Failing to properly train, supervise, and discipline staff;
    d. Breaching duties owed under contract and law.

51. Plaintiff suffered loss of income, benefits, emotional distress, and reputational harm.

52. Plaintiff seeks compensatory and punitive damages, pre- and post-judgment interest, attorneys' fees, costs, and other relief deemed just and proper.

## V. DAMAGES

53. Plaintiff re-alleges all preceding paragraphs.

54. Plaintiff has suffered and continues to suffer:

A. Economic Damages
a. Loss of past and future wages;
b. Loss of employment benefits;
c. Loss of career advancement opportunities;
d. Costs for seeking new employment or retraining.

B. Non-Economic Damages
a. Emotional distress, mental anguish, and humiliation;
b. Reputational harm;
c. Loss of enjoyment of life and professional fulfillment.

6

C. Punitive and Exemplary Damages
55. Defendants acted willfully, maliciously, and recklessly, justifying punitive damages.

D. Attorneys' Fees and Costs
56. Plaintiff is entitled to recover attorneys' fees, litigation expenses, and costs under 42 U.S.C. § 1988, Tennessee law, and other applicable statutes.

E. Pre- and Post-Judgment Interest
57. Plaintiff is entitled to pre- and post-judgment interest on all damages as allowed by law.

## V. DAMAGES

| Category | Description | Estimated Amount |
|---|---|---|
| Economic Damages | Loss of past wages | $200,000 |
| | Loss of future wages | $500,000 |
| | Loss of employment benefits (health insurance, retirement contributions, etc.) | $75,000 |
| | Costs of seeking new employment or retraining | $20,000 |
| Non-Economic Damages | Emotional distress, mental anguish, and humiliation | $250,000 |
| | Reputational harm | $150,000 |
| | Loss of enjoyment of life and professional fulfillment | $100,000 |

7

| Punitive and Exemplary Damages | Willful and reckless conduct of Defendants | $500,000 |
| Attorneys' Fees and Costs | Estimated under 42 U.S.C. § 1988 and applicable law | $100,000 |
| Pre- and Post-Judgment Interest | Interest on all damages as allowed by law | TBD |

Total Estimated Damages: $1,895,000 + Pre- and Post-Judgment Interest

## VI. RESERVATION OF RIGHTS

58. Plaintiff expressly reserves the right to pursue claims under Title VII of the Civil Rights Act of 1964, including claims of discrimination, retaliation, or harassment, which are not pleaded in this Complaint.

59. Plaintiff has not yet exhausted administrative remedies with the Equal Employment Opportunity Commission (EEOC) for such claims.

60. Nothing in this Complaint shall be construed as a waiver of any such claims, and Plaintiff intends to assert them in a separate action or amended pleading after completing the EEOC process.

## VII. OBJECTION TO MOTION TO DISMISS AND FRIVOLITY DEFENSE

Plaintiff expressly objects to any motion to dismiss, asserting that all claims are supported by factual allegations and applicable law.

Plaintiff reserves the right to seek sanctions against any Defendant who advances claims or defenses that are frivolous, lacking any legal or factual basis, or intended solely to harass, delay, or increase the cost of litigation, pursuant to Federal Rule of

8

Civil Procedure 11 and applicable state law.

**STATEMENT AGAINST IMMUNITY DEFENSES**

1. Plaintiff Gwendolyn Burton asserts that Defendants are not entitled to immunity from liability for the acts alleged in this Complaint.

**A. Sovereign / State Immunity**

2. Defendants, including Columbia State Community College and the Tennessee Board of Regents, cannot claim sovereign immunity to bar claims under 42 U.S.C. § 1983, as federal law waives immunity for violations of constitutional rights by state actors. See *Ex parte Young*, 209 U.S. 123 (1908).

3. Defendants' conduct—including summary termination, reliance on unlawfully obtained recordings, and unauthorized seizure of digital communications—constitutes intentional and willful violations of Plaintiff's constitutional and statutory rights, which are not shielded by sovereign immunity.

**B. Qualified Immunity**

4. Defendants acting in their individual capacities, including Holt, Long, Willingham, and Smith, are not entitled to qualified immunity because:
   a. They violated clearly established constitutional rights to due process and privacy;
   b. Any reasonable public official would know that relying on altered recordings and unlawfully seized digital communications to terminate an employee is unlawful;
   c. Their conduct was willful, malicious, and in reckless disregard of Plaintiff's rights.

5. Qualified immunity does not protect acts that are arbitrary, discriminatory, retaliatory, or intentionally illegal, all of which are alleged in this Complaint.

6. Plaintiff therefore asserts that all Defendants are fully liable for their actions under both federal and state law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant:

1. Compensatory damages for lost wages, benefits, emotional distress, and reputational harm;

2. Punitive damages against individual Defendants and CSCC;

3. Injunctive relief, including reinstatement or other equitable remedies;

4. Attorneys' fees and costs under 42 U.S.C. § 1988 and other laws;

5. Pre- and post-judgment interest;

6. Declaratory relief confirming violations of Plaintiff's federal and state rights;

7. Any other relief the Court deems just, equitable, and proper.

Respectfully submitted,

*/s/ Gwendolyn Burton*
Gwendolyn Burton

122 Overlook Pl
Columbia, TN 38401



US District - Middle Tennessee
Clerks Court
719 Church Street
Suite 1300
Nashville, TN 37203

RECEIVED
MAR 04 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN